GRIFFIN, J.
Lana Hill [“wife”], appearing pro se, appeals an order denying her motion to set aside a Final Judgment of Dissolution of Marriage. She contends that the judgment was the result of an improper ex parte communication between the trial judge and counsel for her ex-husband. Although the circumstances of the entry of the judgment are peculiar, the record is insufficient to reverse the lower court’s denial of relief.
The wife filed a petition of dissolution on June 16, 1999. The parties had entered into a marital settlement agreement on the day before. The husband did not contest the dissolution and waived his appearance. But then, on October 1, 1999, the husband made a motion to set aside the settlement agreement. The motion to set aside the agreement was denied without prejudice and the court ordered mediation. Thereafter, the court set the matter for trial.
A final hearing was held on October 16, 2000,[1] and, on October 25, 2000, the court entered an “Order Regarding Motion to Set Aside Settlement Agreement and Directing Preparation of Final Judgment.” In this order, the court discussed the controlling law and ruled, inter alia, that there was no legal basis for the husband to be relieved of his contract; that even if the husband could not pay the agreed alimony presently, he may have the future ability to do so; the wife was entitled to a money judgment of $120,000 with 10% interest; and the husband should start to pay $500 per month for child support. The order directed the husband’s attorney to prepare a formal final judgment and income deduction order that incorporated the findings of the October 25th order.
Upon receipt of this order, on November 13, 2000, the husband filed a motion for reconsideration contending that the order contradicted the court’s oral ruling made at the October 16 hearing because the trial court had indicated during the hearing that the court would deny the wife alimo *724 ny. Apparently, a hearing was scheduled on this motion for January 2, 2001. Counsel also apparently took a proposed judgment consistent with his own recollection of the court’s ruling to the judge. It is unclear whether he spoke to the judge directly, however.
On November 28, the Final Judgment of Dissolution of Marriage drafted by husband’s counsel was signed by the court. This judgment recited that the court had entered the October 25th order “contrary to its determination at the hearing on October 16”.[2] In the new judgment, the court denied wife enforcement of the settlement agreement and denied any alimony to wife.
In May 2001, the wife filed a motion to set aside final judgment of dissolution of marriage contending that she had not been notified of the entry of the final judgment until she appeared for the scheduled hearing on January 2, 2001. The wife recites that she then had an attorney inquire of husband’s counsel about the circumstances of entry of the judgment and counsel replied by letter that he “took the Final Judgment with the Court file to Judge McDonald”.
We agree with appellee that the foregoing does not warrant reversal of the appealed order. Although it appears that a record of the final hearing may exist, none was provided, so we cannot know what, if anything, the court had provisionally ruled. A document in the court file suggests an intention on the part of the trial court to enforce the agreement but to suspend payment of alimony, but without the transcript, it is impossible to be sure. It also appears that the judge drafted the October 25 order himself, suggesting that what he wrote was what he was thinking. The reason for the disparity between the court’s October 25 order and the contrary final judgment is unexplained.
Appellant asserts that she did not file a direct appeal because she did not learn of the new order until too late to appeal, but she offered no evidence of this claim and the motion to set aside the judgment filed below was not expressly based on a claim of lack of notice, but on the claim of misconduct. Standing alone, the fact that the court file and the judgment were delivered to Judge McDonald does not signify misconduct. While the unexplained contradiction between the judge’s own October 25 order and the later signed judgment understandably has caused appellant to be skeptical about the proceedings that resulted in the setting aside of her contract with her husband, there is insufficient evidence of misconduct on which to base a reversal.
If the trial court in such a circumstance finds it necessary to enter a judgment completely contrary to his earlier ruling or his written instructions, it would be better for all concerned to explain why. Otherwise, the result, as in this case, while not demonstrably erroneous, does not inspire confidence.
AFFIRMED.
PETERSON, J., concurs.
PLEUS, J., concurs in result only.

. No transcript of this hearing is included in the record on appeal.

. The document entitled “Court Hearing October 16, 2000” says: 1) Child support "Original agreement $1500.00 per month, Temporary order $456.45 per month,” 2) Alimony support "Original agreement $2000.00 per month, Currently $0.00,” 3) Life Insurance Policy "Original agreement $500,000.00, Currently $0.00.”